UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILSON POOLS PLUS, LLC,              )
and JC WILSON, JR.,                  )
                                     )
                    Plaintiffs,      )
                                     )
vs.                                  )   Civil No. 3:26-cv-00169-GCS
                                     )
ELIZABETH KING,                      )
and                                  )
JOHNNY MARTINEZ,                     )
                                     )
                    Defendants.      )

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Currently before the Court is Plaintiffs' motion for leave to join an additional party

Plaintiff and dismiss the mis-joined Plaintiff. (Doc. 7, 26). Specifically, Plaintiffs seek via

an amended complaint to add as a named Plaintiff, Wilson's Pools Plus Inc. ("Inc."), an

Illinois Corporation, and dismiss as a named Plaintiff, Wilson Pools Plus, LLC ("LLC"),

a nonexistent LLC. Plaintiff contends that LLC was incorrectly named as one of the

named Plaintiffs as it did not exist as such and that Inc., is the proper party as it was

incorporated in Illinois in 1996 and is in good standing. Defendants oppose the motion

arguing: (1) this was not a misnomer as the LLC "lacks legal existence"; (2) Plaintiffs lack

standing to seek this relief; and (3) the written contract attached to the complaint contains

an entirely different entity, Wilson's Pools STL, LLC, ("STL"), a Missouri limited liability

company. (Doc. 18).[1] Plaintiffs counter that Federal Rules of Civil Procedure 17 and 21

---

[1]      The Court notes that Defendants failed to cite case law regarding their arguments

support the amendment; that the agreement attached to the complaint was drafted and presented to plaintiffs (the sellers) by the defendants (the purchasers); that this is a scrivener's error because it incorrectly names the seller as STL, and that STL is actually the purchaser in this transaction. (Doc. 26-2; 26-3). The Court agrees with Plaintiffs and grants the motion.

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. PROC. 15(a)(2). The Rule is designed to reach a resolution on the merits, as opposed to dismissal based on technical pleading requirements. *See, e.g.*, *Edelman v. Belco Title & Escrow, LLC*, 754 F.3d 389, 395 (7th Cir. 2014) (stating "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). *See also Parrish v. United States*, 145 S. Ct. 1664, 1672 (2025) (noting that "mere technicalities" not a basis for avoiding decisions on the merits) (citations omitted). Complaints are "free to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

The decision to grant leave to amend lies within the Court's discretion. *See Chatham*

---

as to standing and the legal existence of LLC. Because of this failure, the Court need not address these arguments. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016) (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)).

*v. Davis,* 839 F.3d 679, 686 (7th Cir. 2016); *Knowlton v. City of Wauwatosa,* 119 F.4th 507, 520 (7th Cir. 2024). Leave may be denied for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice. *See Chicago Joe's Tea Room, LLC v. Village of Broadview,* 94 F.4th 588, 607 (7th Cir. 2024); *Gonzalez-Koeneke v. West,* 791 F.3d 801, 807 (7th Cir. 2015); *see also Knapp v. Whitaker,* 757 F.2d 827, 849 (7th Cir. 1985). A court may also deny leave to amend if the proposed amendment would be futile, meaning it is certain that a plaintiff cannot state a claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana,* 786 F.3d 510, 520 (7th Cir. 2015); *see also Anderson v. United Airlines, Inc.,* 140 F.4th 385, 388 (7th Cir. 2025).

Additionally, Federal Rules of Civil Procedure 17(a)(3) and 21 are designed to prevent dismissal when a plaintiff has made an honest mistake in the naming of a party and instead allows substitution or joinder of the real party in interest. Specifically, Federal Rule 17(a)(3) states:

> Joiner of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party to ratify, join, or be substituted in the action. After ratification, joinder or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

FED. R. CIV. PROC. 17(a)(3); *see Akbar v. Calumet City,* No. 14-3610, 632 Fed. Appx. 868, 871 (7th Cir. Dec. 14, 2015). *See also* FED. R. CIV. PROC. 17, 1966 Advisory Committee Note (explaining that Rule 17(a)(3) "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made"); 6A Wright, Miller & Kane, FED. PRAC. & PROC. § 1555, at 571 (3d ed. 2008) (stating that

"when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed"). Further, Federal Rule 21 reads:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

FED. R. CIV. PROC. 21.

Here, the Court finds that adding Inc. and dismissing LLC as submitted by Plaintiffs is proper and warranted. There is no discernible undue prejudice to Defendants from this amendment, which clarifies who is the real party in interest. Plaintiffs have offered evidence that the correct entity is Inc., not the mistakenly named LLC. Further, Defendants' argument that the contract names STL, as the seller and not Inc., as being fatal to Plaintiffs' case, misses the mark. It is clear to the Court that the original complaint alleges a scrivener's error and/or contains a mutual mistake. Plaintiffs have presented documentation that shows that STL named in the contract appears to have been formed, registered, and dissolved by Defendants, not Plaintiffs. (Doc. 26-2; 26-3). Additionally, Plaintiffs argue that the agreement was drafted and presented to Plaintiffs by Defendants. Based on these circumstances, the Court finds that allowing the amendment promotes judicial efficiency and aligns with the remedial purposes of Federal Rules 15, 17, and 21.

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion for leave to join additional party Plaintiff and dismiss mis-joined Plaintiff. (Doc. 7). The Court **ADDS** Wilson's Pools Plus Inc. as a named Plaintiff and **DISMISSES** Wilson Pool Plus LLC as a named Plaintiff. Further, the Court **DIRECTS** Plaintiffs, on or before **May 22, 2026**, to

file a new amended complaint that contains Wilson's Pools Plus Inc., an Illinois corporation, as a named Plaintiff. This new amended complaint will supersede the Second Amended Complaint filed on April 6, 2026. (Doc. 28). The Court notes that the new amended complaint must comport with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS SO ORDERED.**

**DATED: May 15, 2026.**

Digitally signed by Judge Sison
Date: 2026.05.15
13:41:08 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**